T.C. Memo. 2010-126

UNITED STATES TAX COURT

ANJUM SHIEKH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29798-07.                    Filed June 10, 2010.

Anjum Shiekh, pro se.

<u>Christine K. Lane</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes of $2,543 for 2003 and $2,571
for 2004.  After concessions, the following issues remain for
decision:[1]  (1) Whether expenses related to petitioner's personal

_____

[1]Respondent has conceded the issue of whether petitioner
                                              (continued...)

residence claimed on Schedules E, Supplemental Income and Loss, attached to his tax returns for the years in issue are deductible as rental expenses; (2) whether petitioner has substantiated $509 of the $26,393 in real property taxes claimed as a deduction on his 2003 tax return; (3) whether the losses related to petitioner's rental property in Culver City, California, and claimed on his 2004 tax return are subject to passive activity limitations pursuant to section 469;[2] (4) whether the expenses relating to petitioner's rental property in Ventura, California, and claimed on Schedule E attached to his 2004 tax return are deductible as rental expenses; and (5) whether the $5,481 petitioner claimed as unreimbursed employee business expenses on his 2004 tax return is deductible.[3]

---

[1](...continued)
failed to include in gross income $6,136 of rental income he received during his 2004 tax year.

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended, for the years in issue. Amounts are rounded to the nearest dollar.

[3]Respondent also contends that the miscellaneous itemized deduction petitioner claimed on his 2003 tax return should be reduced by $334 and that the personal exemption he claimed on his 2004 tax return should be reduced by $434. Those matters are computational and will be resolved in accordance with our holdings pursuant to a Rule 155 calculation.

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are found accordingly.

At the time the petition was filed, petitioner resided in Miami, Florida.

During the years in issue petitioner managed rental properties he owned and, for part of 2003, was employed as an airline pilot for United Airlines. Petitioner was furloughed by United Airlines beginning in November 2003 and did not work for the airline during 2004.

During the years in issue petitioner owned rental properties in Miami Beach, Florida (Miami Beach property), Edmond, Oklahoma (Edmond property), Ventura, California (Ventura property), and Culver City, California (Culver City property).

The Miami Beach property is a 13-unit apartment building. Petitioner lives in one of the units, a one-bedroom apartment, and maintains part of the space as his office for his rental activities (personal residence). Petitioner claimed deductions for the expenses attributable to all 13 apartments on Schedule E of his Federal income tax returns for tax years 2003 and 2004. The claimed deductions included real property taxes, mortgage

interest, and depreciation.[4]  Petitioner actively and materially manages the Miami Beach property.

The Edmond property is a condominium.  Petitioner reported net income, after expenses, from the Edmond property of $1,658 and $2,048 for his 2003 and 2004 tax years, respectively.

The Ventura property is a condominium.  Petitioner claimed losses from the Ventura property of $1,954 and $5,856 for his 2003 and 2004 tax years, respectively.[5]  Petitioner sold the Ventura property during 2004 and claimed a long-term capital gain on the sale on his 2004 tax return.  Respondent allowed $1,954 of the loss for the 2003 tax year.  Respondent disallowed $5,856 of the loss for the 2004 tax year as a rental real estate loss but allowed it as an offset against the capital gain recognized from the sale of the Ventura property.

The Culver City property is a condominium.  Petitioner claimed losses from the Culver City property of $10,006 and

---

[4]Petitioner claimed deductions on Schedule E attached to his return for tax year 2003 for the Miami Beach property of $4,436 for mortgage interest, $2,500 for real property taxes, and $3,623 for depreciation.  Petitioner claimed deductions on Schedule E attached to his return for tax year 2004 for the Miami Beach property of $4,228 for mortgage interest, $2,122 for real property taxes, and $3,502 for depreciation.

[5]Respondent determined that the 2003 and 2004 losses from the Ventura property were losses from a passive activity.  For the 2003 tax year respondent allowed the 2003 loss for the full amount. For the 2004 tax year respondent offset the 2004 loss against the gain recognized from the sale of the Ventura property.  See sec. 1.469-2T(c)(2), Temporary Income Tax Regs., 53 Fed. Reg. 5711 (Feb. 25, 1988).

$9,511 on his 2003 and 2004 tax returns, respectively. Respondent allowed the $10,006 of the loss for the 2003 tax year and disallowed $7,463 of the loss claimed during the 2004 tax year.

Petitioner's leases with tenants for the Culver City and Ventura properties included a clause requiring the tenants to be responsible for routine maintenance. Petitioner collected the rent from the California properties and visited the California properties periodically during the years in issue.

Petitioner concedes that he did not file an election pursuant to section 469(c)(7)(A) to treat all of his rental properties as one rental activity for purposes of the passive activity limitations.

Petitioner traveled to California and Colombia, South America, to investigate the potential acquisition of new rental properties. On his 2004 tax return petitioner claimed travel expense for those trips as unreimbursed employee expenses of $5,481, all of which respondent disallowed.

By letter dated December 6, 2007, respondent sent petitioner a notice of deficiency. Petitioner timely filed a petition in this Court for redetermination of the deficiencies.

OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[6]

We first address the issue of whether the expenses attributable to petitioner's personal residence, a one-bedroom apartment, are deductible as rental expenses. Petitioner contends that the mortgage interest, real estate taxes, and depreciation expense attributable to his personal residence are deductible because he manages his rental properties from his personal residence. Respondent contends that the depreciation expenses on petitioner's personal residence are personal and, therefore, are not deductible.[7]

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they have met all requirements necessary to be entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

---

[6]Petitioner does not contend that sec. 7491(a) should apply to shift the burden of proof to respondent, nor did he establish that it should apply to the instant case.

[7]Respondent concedes that petitioner may deduct mortgage interest and real property taxes associated with his personal residence on Schedule A, Itemized Deductions, for each of petitioner's 2003 and 2004 tax years.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred in carrying out a trade or business. Section 262(a), however, generally prohibits deductions for personal, living, or family expenses.

Generally, no deduction is allowed with respect to the personal residence of a taxpayer. Sec. 280A(a). Section 280A(c)(1)(A), however, provides that section 280A(a) shall not apply to the portion of a personal residence of a taxpayer exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. The legislative history of section 280A dealing with exclusive use states as follows:

> Exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business. The use of a portion of a dwelling unit for both personal purposes and for the carrying on of a trade or business does not meet the exclusive use test. Thus, for example, a taxpayer who uses a den in his dwelling unit to write legal briefs, prepare tax returns, or engage in similar activities as well for personal purposes, will be denied a deduction for the expenses paid or incurred in connection with the use of the residence which are allocable to these activities. * * *

S. Rept. 94-938, at 148 (1976), 1976-3 C.B. (Vol. 3) 49, 186; H. Rept. 94-658, at 161 (1975), 1976-3 C.B. (Vol. 2) 695, 853.

The record shows that petitioner's personal residence was used on a regular basis as the principal place of business for managing his rental properties. Petitioner used his personal residence as his office and stored tools there, and tenants paid

their rent there.  However, petitioner presented no evidence that any specific area of his personal residence, a one-bedroom apartment, was used exclusively for business purposes. Consequently, petitioner fails the exclusive use test regarding any specific portion of his personal residence.  Therefore, we hold that section 280A(a) disallows the deductions petitioner claimed for his personal residence, except as to those deductions respondent conceded.  Accordingly, we uphold respondent's disallowance of deductions for depreciation on petitioner's personal residence claimed on Schedules E for 2003 and 2004 tax years.

As to the issue of whether petitioner has substantiated $509 of the $26,393 in real property taxes claimed on his tax return for the 2003 tax year, petitioner bears the burden of proving that respondent's determination is incorrect.  See Rule 142(a); Welch v. Helvering, supra.  Petitioner presented no evidence or argument regarding the real property taxes disallowed. Petitioner, therefore, has failed to meet his burden of proof. Accordingly, we sustain respondent's deficiency determination regarding petitioner's real property taxes claimed on his tax return for his 2003 tax year.

We next address whether the losses related to the Culver City property for tax year 2004 are subject to passive activity limitations pursuant to section 469.  Petitioner contends that

all of his real properties should be considered together and that he actively and materially participated in the management of the Culver City property. Respondent contends that petitioner's rental properties should be considered separate activities and that petitioner failed to actively and materially participate in managing the Culver City property.

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212; however, section 469 generally disallows any passive activity loss for the tax year. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for such year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2). Pursuant to section 469(c)(7)(B), the rental activities of a taxpayer who is a real estate professional are not per se passive activities under section 469(c)(2) but are treated as a trade or business subject to the material participation requirements of section 469(c)(1). Sec. 1.469-9(e)(1), Income Tax Regs.

Under section 469(c)(7)(B), a taxpayer qualifies as a real estate professional and is not engaged in a passive activity under section 469(c)(2) if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

If the requirements of section 469(c)(7)(B) are met, a taxpayer's rental activity is treated as a passive activity under section 469(c)(1) unless the taxpayer materially participates in the activity.

Respondent concedes that petitioner meets the requirements of section 469(c)(7)(B) and is, therefore, a real estate professional. Accordingly, we consider whether petitioner's work with his rental properties meets the material participation standard set forth in section 469(c)(1). For purposes of determining whether a taxpayer materially participates in a trade or business, the participation requirements must be met with respect to each interest in rental real estate unless the taxpayer makes an election to treat all interests in rental real estate as a single real estate activity. Sec. 469(c)(7)(A).

Petitioner contends that his consolidation of his rental activities on Schedule E is sufficient to treat his interests in

rental properties as a single real estate activity for purposes of the material participation test.  Respondent contends that petitioner's rental properties should be evaluated separately because petitioner failed to file an election pursuant to section 469(c)(7)(A) to treat all of his rental properties as a single real estate activity.

To make an election, a taxpayer must clearly notify the Commissioner of the taxpayer's intent to do so.  See Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d 781, 795 (11th Cir. 1984).  "[T]he taxpayer must exhibit in some manner * * * his unequivocal agreement to accept both the benefits and burdens of the tax treatment afforded" by the law.  Young v. Commissioner, 83 T.C. 831, 839 (1984), affd. 783 F.2d 1201 (5th Cir. 1986).  A taxpayer makes the election to treat all interests in rental real estate as a single rental real estate activity by filing a statement with the taxpayer's original income tax return declaring that the election is under section 469(c)(7)(A).  Trask v. Commissioner, T.C. Memo. 2010-78; sec. 1.469-9(g)(3), Income Tax Regs.  A taxpayer has not made an election if it is not clear from the return that an election has been made.  See Young v. Commissioner, 783 F.2d at 1206.

We have held that aggregating losses from Schedule E on line 17 of Form 1040, U.S. Individual Income Tax Return, is insufficient notice to the Commissioner that the taxpayer

intended to elect to treat all his rental properties as a single activity under section 469(c)(7). Kosonen v. Commissioner, T.C. Memo. 2000-107. Similarly, a taxpayer's intent to elect, without exhibiting an unequivocal agreement to accept both the benefits and the burdens of such an election, is irrelevant to making a determination of whether he or she has made an election. See Young v. Commissioner, 783 F.2d at 1206; Kosonen v. Commissioner, supra.

Petitioner failed to file an election to treat all of his rental properties as a single real estate activity. See sec. 1.469-9(g)(3), Income Tax Regs. Petitioner's aggregate treatment of his rental properties on his return is insufficient to provide notice to respondent that petitioner elected to treat all of his rental properties as a single real estate activity. See Kosonen v. Commissioner, supra. Similarly, petitioner's intention to file an election, without actually exhibiting his unequivocal agreement to accept the benefits and burdens of such an election, also failed to provide sufficient notice. Nowhere on petitioner's return did he exhibit his unequivocal agreement to accept the benefits and burdens of an election under section 469(c)(7)(A). Accordingly, we evaluate each of petitioner's properties separately in order to determine whether petitioner materially participated in the particular rental activity.

Material participation is defined as involvement in the operations of the activity that is regular, continuous, and substantial. Sec. 469(h)(1). An individual taxpayer materially participates in an activity pursuant to section 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988), if: (1) He or she participates more than 500 hours during the year; (2) his or her participation is substantially all of the participation of individuals in that activity for the year; (3) he or she participates more than 100 hours and that participation equals the participation of all other individuals during the year; (4) the activity is a significant participation activity and his or her aggregate participation in all significant participation activities exceeds 500 hours; (5) he or she materially participates for 5 out of 10 years immediately preceding the year in issue; (6) the activity is a personal service activity and he or she materially participated for any 3 years preceding the year in issue; or (7) on all the facts and circumstances, he or she participated on a regular, continuous, and substantial basis during the year. Kosonen v. Commissioner, supra.

As to the Culver City property, petitioner fails to meet the tests for material participation. Petitioner presented no evidence on the number of hours that he spent managing the Culver City property; he only stated that he made several trips and was

actively involved.  Consequently, petitioner fails the 500-hour test (1), as well as tests (3) and (4), which require petitioner to show that he worked for a minimum of 100 hours on the Culver City property, as required by section 1.469-5T(a), Income Tax Regs., supra.  Similarly, petitioner fails tests (5) and (6), which measure participation over a period of years preceding those in issue, because petitioner failed to present evidence for any years except 2003 and 2004.  Petitioner also fails tests (2) and (7).  The leases on the Culver City property stated that the tenants would be responsible for the maintenance of that property.  While petitioner testified that he visited the Culver City property, the record shows only that he was present in the Los Angeles area for 1 day during tax year 2004:  February 27.[8] Accordingly, petitioner has not shown that his participation was substantially all of the relevant participation with respect to the Culver City property for tax year 2004 or that it was regular or continuous.  Consequently, we conclude that petitioner has failed to show that he materially participated with respect to the Culver City property.  We, therefore, hold that petitioner's losses with respect to the Culver City property for tax year 2004 are disallowed pursuant to section 469.

---

[8]Culver City, California, is in Los Angeles County, California.

As to petitioner's expenses with respect to the Ventura property for tax year 2004, respondent contends that the losses are passive and should be allocated against petitioner's capital gain from the sale of the Ventura property.

As stated above, a taxpayer may not deduct passive activity losses in excess of passive activity income; however, excess losses may be carried forward to subsequent years to offset subsequent passive activity income. Sec. 469(a), (b), (d). If, however, a taxpayer sells his entire interest in a passive activity, an excess loss relating to the activity for the year the sale occurs (including suspended losses relating to the activity carried forward into the year of the sale) over the total income for the current year from all passive activities is treated as a loss from a nonpassive activity and is not subject to the above limitation of section 469(a). Sec. 469(g); Lee v. Commissioner, T.C. Memo. 2006-70.

As we held above, petitioner is a real estate professional who did not file an election to treat his rental properties as a single real estate activity. Petitioner's evidence that he was actively involved in the Ventura property is the same as that provided for the Culver City property. We find petitioner's evidence unpersuasive and conclude that the Ventura property is a passive activity. However, petitioner completely disposed of the Ventura property in a taxable transaction during his 2004 tax

year. Gain from the disposition of property used in a passive activity is treated as passive income. Sec. 1.469-2T(c)(2), Temporary Income Tax Regs., 53 Fed. Reg. 5711 (Feb. 25, 1988). Consequently, the losses generated by the Ventura property should be deducted against the capital gain from the sale of the Ventura property. Accordingly, we sustain respondent's determination regarding the losses from the Ventura property for petitioner's 2004 tax year.[9]

Finally, we address the $5,481 petitioner claimed on his return for his 2004 tax year in unreimbursed employee expenses which respondent disallowed.[10] Petitioner contends that the amounts he claimed are fully deductible as they relate to business expenses incurred while searching for new rental properties. Respondent contends that the disallowed amounts are nondeductible because they were not properly substantiated. In the alternative, respondent contends that the disallowed expenses relate to new properties and, therefore, must be capitalized.

---

[9]In the notice of deficiency, respondent applied the losses generated by the Ventura property to the sale proceeds of the Ventura property.

[10]Petitioner claimed the excess unreimbursed employee and other miscellaneous expense deductions on Schedule A attached to his return. The deductible amount equals the sum of allowable unreimbursed employee expenses and other miscellaneous expenses, less 2 percent of the taxpayer's adjusted gross income. Sec. 67(a).

Generally, a taxpayer is permitted to deduct the ordinary and necessary expenses that he or she pays or incurs during the tax year in carrying on a trade or business. Sec. 162(a). A taxpayer, however, is required to maintain records sufficient to establish the amount of the deduction. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

When a taxpayer establishes that he or she paid or incurred a deductible expense but does not establish the amount of the deduction to which he or she may be entitled, we may in certain circumstances estimate the amount allowable. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit us to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, supra at 742-743.

Certain categories of expenses must also satisfy the strict substantiation requirements of section 274(d) in order for a deduction to be allowed. The Cohan doctrine may not be used to estimate expenses covered by section 274(d). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs.,

50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) expenses include travel expenses. Sec. 274(d)(1).

To substantiate a deduction pursuant to section 274(d), a taxpayer must maintain adequate records or present corroborative evidence to show the following: (1) The amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. Sec. 274(d); sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner reported travel expenses that he incurred while investigating the possibility of acquiring new rental properties. To be deductible, the travel expenses must be ordinary and necessary expenses incurred in carrying on a trade or business. Sec. 162(a). The determination of trade or business is a factual determination made on a case-by-case basis. O'Donnell v. Commissioner, 62 T.C. 781, 786 (1974), affd. without published opinion 519 F.2d 1406 (7th Cir. 1975).

Additionally, for foreign travel, section 274(c)(1) generally disallows a deduction for the portion of the foreign travel expenses that is not allocable to the income-producing activity. However, section 274(c)(2) provides an exception to section 274(c)(1) if the trip qualifies under one of two exceptions: (A) The trip does not exceed 1 week, or (B) the portion of the trip not attributable to the taxpayer's section 212 activities constitutes less than 25 percent of the total time

of the stay.  <u>Hintze v. Commissioner</u>, T.C. Memo. 2001-70.
Foreign travel expenses may also be deductible if either of the
following applies:  (1) The taxpayer incurring the expenses did
not have "substantial control over the arranging of the business
trip"; or (2) obtaining a personal vacation or holiday was not a
major consideration in the decision to make the trip.  Sec.
1.274-4(f)(5), Income Tax Regs.  Section 274(c) applies only to
expenses incurred by the traveler, not the traveler's employer or
client.  Sec. 1.274-4(a), Income Tax Regs.

Petitioner owns rental properties in Miami Beach, Florida;
Edmond, Oklahoma; Ventura, California; and Culver City,
California.  Petitioner claimed a deduction for travel expenses
that relate to the investigation of new rental properties in
California and Colombia, South America.  Petitioner's claimed
expenses included car rental fees, airfare, hotel charges, and a
"per diem" for each travel day.

The record is unclear regarding the length of petitioner's
stay in Colombia, South America.[11]  However, neither at trial nor

---

[11]Petitioner submitted an electronic ticket for airfare for
his trips, including his trip to Colombia, South America.  The
electronic ticket lists the dates Aug. 16 and Aug. 24.  However,
it is unclear from the electronic ticket where petitioner
traveled and whether any additional trips were made during that
time.  Petitioner's hotel receipt lists the dates of the trip to
Colombia, South America, as Aug. 19 to Aug. 24.  Petitioner's
other receipts that relate to Colombia, South America, do not
evidence any purchases before Aug. 22 or after Aug. 24.
Petitioner did not specifically testify regarding how long he was
(continued...)

in the notice of deficiency did respondent raise any issues as to whether petitioner was in South America for more than a week. See sec. 274(c). We, therefore, decline to address whether the requirements of section 274(c) apply to petitioner's travel to South America.

In addition to petitioner's receipts, he also testified at trial, making a blanket statement that all of his expenses were business expenses. However, petitioner failed to offer any specific testimony regarding his trip to Colombia, South America. We, therefore, do not accept his uncorroborated testimony regarding the nature of that trip. Additionally, one of petitioner's receipts was for the purchase of clothing. On the basis of the record, we hold that petitioner has failed to prove that his trip to Colombia, South America, was for business purposes. See Rule 142(a); see also Myers v. Commissioner, 38 T.C. 658, 666 (1962). Accordingly, we sustain respondent's disallowance of expenses that relate to petitioner's investigation of rental properties in Colombia, South America.[12]

---

[11](...continued)
in Colombia, South America.

[12]If we were to assume that petitioner's expenses that relate to the investigation of rental properties in South America were business expenses, petitioner would have to capitalize those expenses because they were directly related to the acquisition of a capital asset; namely, a new rental property. See sec. 263; Lychuk v. Commissioner, 116 T.C. 374 (2001); see also Radio Station WBIR, Inc. v. Commissioner, 31 T.C. 803, 814 (1959).

Petitioner also claimed expenses for traveling to the Los Angeles and San Francisco areas to investigate new rental real estate investments. Respondent contends that petitioner must capitalize those expenses pursuant to section 263. While current expenses are deductible pursuant to section 162, section 263 denies a deduction for capital expenditures. An expenditure must be capitalized when it: (1) Creates or enhances a separate and distinct asset, (2) produces a significant future benefit, or (3) is incurred "in connection with" the acquisition of a capital asset. Lychuk v. Commissioner, 116 T.C. 374, 385-386 (2001). An expense is incurred "in connection with" the acquisition of a capital asset when it is directly related to the acquisition. Id. at 386. Capital expenditures are not limited to the actual price the buyer pays the seller but also include the ancillary costs related to the asset acquisition. Id. at 389. Sections 162 and 261 provide that capitalization takes precedence over the allowance of deductions. See Commissioner v. Tellier, 383 U.S. 687, 689-690 (1966) ("The principal function of the term 'ordinary' in § 162(a) is to clarify the distinction, often difficult, between those expenses that are currently deductible and those that are in the nature of capital expenditures").

Petitioner testified, and we conclude, that his travel expenses were for the investigation of new rental properties. Such expenses are directly related to the acquisition of a

capital asset; namely, a new rental property.  Accordingly, the investigatory expenses must be capitalized.  Petitioner, however, never purchased any new rental properties.  The fact that a taxpayer does not make an investment does not change the nature of the expenditure; the expense nevertheless must be capitalized. Radio Station WBIR, Inc. v. Commissioner, 31 T.C. 803, 814 (1959).  With an abandoned investment, a taxpayer may suffer a loss, but the loss may not be recognized until it is definitely realized.  Sec. 165; Ellis Banking Corp. v. Commissioner, 688 F.2d 1376, 1382 (11th Cir. 1982), affg. in part and remanding in part T.C. Memo. 1981-123.  Petitioner failed to present evidence that he abandoned his search for rental properties during his 2004 tax year.  Accordingly, we hold that petitioner is not entitled to a current deduction for his 2004 tax year for travel expenses relating to the investigation of new rental properties under either section 162 or section 165.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concessions,

Decision will be entered under Rule 155.