T.C. Memo. 2010-191

UNITED STATES TAX COURT

KEITH J. FESSEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 368-09.                    Filed August 30, 2010.

Keith J. Fessey, pro se.

<u>Kimberly A. Kazda</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Keith J. Fessey petitioned the Court for redetermination of the following deficiencies in Federal income tax and additions to tax:[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

|      |            | Additions to Tax |                |          |
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(a)(2) | Sec. 6654 |
|------|------------|------------------|-----------------|-----------|
| 2004 | $10,994    | $2,474           | $2,144          | $315      |
| 2005 | 743        | 167              | 100             | ---       |

The issues for decision after concessions[2] are: (1) Whether petitioner is entitled to deduct business expenses of $34,534 for 2004; (2) whether petitioner may deduct charitable contributions for 2004; (3) whether petitioner is entitled to married filing jointly filing status; and (4) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654 for 2004 and 2005.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time petitioner filed his petitions, he resided in California.

During 2004 and 2005 petitioner was self-employed as a loan consultant. Petitioner worked from home and from a separate office in a commercial real estate building.

---

[2]Petitioner concedes that he received gross receipts of $73,874 for 2004, which is $30,403 more than the income respondent determined in the 2004 notice of deficiency. Petitioner concedes the deficiency for 2005.

Respondent concedes that petitioner is entitled for 2004 to itemized deductions of $13,610, consisting of general sales taxes of $781, real estate taxes of $2,235, home mortgage interest of $9,760, and charitable contributions of $1,615. Respondent concedes that petitioner is entitled to exemptions for two dependents for 2004.

Petitioner failed to file tax returns for 2004 and 2005. Respondent prepared substitutes for returns for petitioner for both years with a filing status of married filing separately. On September 22, 2008, respondent mailed notices of deficiency for 2004 and 2005 to petitioner using third-party payor information.

On January 5, 2009, petitioner filed a timely petition with this Court with respect to both notices of deficiency. On December 4, 2009, petitioner submitted to respondent a 2004 Form 1040, U.S. Individual Income Tax Return. Petitioner's return reported gross receipts of $73,874 for 2004. The Schedule C, Profit or Loss From Business, attached to the 2004 return reported the following expenses:

| Expense | 2004 |
|---|---|
| Advertising | $2,335 |
| Car and truck | 5,539 |
| Contract labor | 17,525 |
| Depreciation | 942 |
| Legal and professional | 3,963 |
| Office | 2,723 |
| Supplies | 2,343 |
| Travel, meals, and entertainment | 2,511 |
| Utilities | 5,048 |
| Business use of home | 830 |
| Bank charges | 387 |
| Credit card dues | 250 |
| Software | 264 |
| Web site subscriptions | 3,915 |
| Total | 48,575 |

The 2004 Schedule A, Itemized Deductions, reported charitable contributions of $1,765, home mortgage interest of $9,760, real estate taxes of $2,235, and general sales taxes of $781.

On December 8, 2009, a trial was held in San Francisco, California. On January 6, 2010, respondent filed a motion to amend his answer to increase petitioner's gross receipts to $73,874 for 2004. On January 25, 2010, the Court granted respondent's motion to amend his answer.

OPINION

I. Business Expense Deductions

Deductions are a matter of legislative grace, and the taxpayer must prove he or she is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The burden of proof may shift to the Commissioner under section 7491(a) with respect to a factual issue relevant to the liability of the taxpayer for tax if the taxpayer introduces credible evidence regarding the issue and establishes compliance with the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests. As discussed below, we find that petitioner has failed to substantiate his claimed expenses and to maintain adequate records. The burden of proof, therefore, does not shift to respondent under section 7491(a).

Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or

business". The regulations specify that ordinary and necessary business expenses include "the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In these instances, the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate

may be made. <u>Vanicek v. Commissioner</u>, <u>supra</u> at 742-743. Without such a basis, any allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560-561 (5th Cir. 1957).

A. <u>Advertising</u>

Petitioner's 2004 return lists advertising expenses of $2,335. Petitioner concedes on brief he is claiming advertising expenses of only $2,085. Respondent concedes on brief that petitioner is entitled to advertising expenses of $1,978. The discrepancy of $107 is mainly attributable to a floral arrangement that petitioner sent to a woman who worked at his business when her brother passed away and another floral item that petitioner sent to a client after closing the client's loan file.

In general, advertising expenses to promote a taxpayer's trade or business are deductible pursuant to section 162(a). See, e.g., <u>Brallier v. Commissioner</u>, T.C. Memo. 1986-42; sec. 1.162-1(a), Income Tax Regs. Petitioner has not demonstrated that the floral items were purchased to promote his loan consultation business. Accordingly, we will deny petitioner a deduction for advertising expenses beyond the $1,978 respondent conceded.

B. <u>Car and Truck Expenses</u>

Petitioner claims a deduction for car and truck expenses of $5,539 for 2004. Respondent argues that petitioner is not

entitled to a deduction for car and truck expenses because of lack of substantiation.

Pursuant to section 274(d), automobile expenses otherwise deductible as business expenses will be disallowed in full unless the taxpayer satisfies strict substantiation requirements.  The taxpayer must substantiate the automobile expenses by adequate records or other corroborating evidence of items such as the amount of each expense, the time and place of the automobile's use, and the business purpose of its use.  See Sanford v. Commissioner, supra at 827-828; Maher v. Commissioner, T.C. Memo. 2003-85.

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish an

element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6 1985). Section 274(d) overrides the Cohan rule with respect to section 280F(d)(4) "listed property" and thus specifically precludes the Court from allowing automobile expenses on the basis of any approximation or the taxpayer's uncorroborated testimony.

Petitioner determined his car and truck expenses using a car and truck worksheet he filled out. The worksheet shows that petitioner drove a 2002 Honda Accord which was placed in service in 2003. Petitioner claims that he drove the car 23,560 miles during the year and that 14,677 of those miles were for business. Petitioner did not recall how he arrived at the mileage.

Petitioner has failed to satisfy the adequate records requirement of section 274(d), and the record is devoid of corroborative evidence to support petitioner's reconstruction of his mileage. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra. Accordingly, we will deny petitioner a deduction for car and truck expenses.

C.  Contract Labor

Petitioner's 2004 return lists contract labor expenses of $17,525.  Petitioner concedes on brief he is claiming contract labor expenses of only $9,700.  Respondent argues that petitioner is not entitled to a deduction for contract labor expenses.

Petitioner testified at trial that in 2004 he paid his 18-year-old son and 12-year-old daughter $12,675 and $4,850 in cash, respectively, to perform tasks for the business both at his home and his office.  Petitioner did not produce records, such as Forms W-2, Wage and Tax Statement, to indicate that these payments were made or that they were made in the ordinary course of his loan consultation business.  Accordingly, petitioner has failed to prove that these were necessary payments made in the ordinary course of his business, and we will deny petitioner a deduction for labor and contract expenses.

D.  Depreciation

Petitioner claims a deduction for depreciation of $942 for 2004.  Petitioner testified that the items he seeks to elect to depreciate include a desk, a matching credenza, two bookcases, and a lateral file cabinet.  Petitioner provided no documentation as to how the depreciation expense was calculated.

When property is used in a trade or business or held for the production of income, the taxpayer may be allowed a depreciation deduction for the exhaustion and wear and tear of the property.

Sec. 167. As petitioner failed to produce evidence to support his claim for depreciation, we will deny the deduction.

### E. Legal and Professional Expenses

Petitioner claims a deduction for legal and professional expenses of $3,963 for 2004. Most of these expenses relate to compact discs that petitioner testified he purchased as part of a "Brian Tracy" sales and marketing seminar in 2004. Respondent concedes that petitioner may deduct $803 for legal and professional expenses but argues that petitioner has failed to prove that the seminar was related to his business.

Although petitioner submitted a printout of his American Express credit card purchases which includes an entry listed as "Brian Tracy GTI Business", petitioner has failed to offer any probative evidence to support the business purpose of the purchase. Accordingly, we will deny petitioner a deduction for legal and professional expenses beyond those respondent already conceded.

### F. Office Expenses

Petitioner's 2004 return lists office expenses of $2,723. Petitioner concedes on brief he is claiming office expenses of only $2,525. Respondent concedes on brief that petitioner is entitled to office expenses of $2,360.

Petitioner provided the Court with a printout of a credit card statement showing charges he incurred at stores including

the Home Consignment Center, Ross, and Lowes.  However, petitioner was unable to testify at trial with any specificity as to the exact nature of his purchases or their ordinary and necessary purpose in the context of his business.  As petitioner has failed to substantiate his office expenses, we will deny petitioner a deduction for office expenses beyond those respondent conceded.

G.  Travel, Meals, and Entertainment

Petitioner claims a deduction for travel, meals, and entertainment expenses of $2,511 for 2004.  Respondent argues that petitioner is not entitled to any deduction for travel, meals, and entertainment because of a lack of substantiation.

Section 274(d) places heightened substantiation requirements on taxpayers claiming deductions under section 162 for any traveling expense, including meals and lodging while away from home.  In order to be entitled to a deduction for an expense for travel, meals, and entertainment, the taxpayer must show that the item claimed is directly related to or associated with the active conduct of the taxpayer's trade or business.  Sec. 274(a). Additionally, the taxpayer must provide adequate records showing the amount of the expense, the time and place of the expense, the business purpose of the expense, and the business relationship to the taxpayer of the persons entertained.  Sec. 274(d); sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., supra.

Petitioner provided the Court with a printout he created from his credit card statement showing amounts paid to various restaurants, grocery stores, and fast food outlets. Petitioner testified at trial that he would often take real estate agents to fast food venues and coffee shops to discuss business and provide the agents food purchased in grocery stores.

Petitioner's printout and testimony do not provide the level of substantiation required by section 274(d). At best, they can be used to satisfy the first prong of the test under section 1.274-5T(c)(3), Temporary Income Tax Regs., supra. However, that test "also requires corroborative evidence sufficient to establish each element." Tyler v. Commissioner, T.C. Memo. 1982-160. As petitioner failed to present testimony of a third-party or submit documentary evidence such as receipts, petitioner fails the second prong of the test under section 1.274-5T(c)(3), Temporary Income Tax Regs., supra. We are also barred from estimating under the Cohan doctrine expenses that are subject to the requirements of section 274(d). Lang v. Commissioner, T.C. Memo. 2010-152. Accordingly, we will deny the deduction for travel, meals, and entertainment expenses.

H. Utilities

Petitioner deducted utility expenses of $5,048 on his 2004 return. Petitioner concedes on brief he is entitled to deduct

utility expenses of only $3,927.  Respondent concedes on brief that petitioner is entitled to deduct utility expenses of $2,315.

Utility expenses may be deductible under section 162(a) if the expenses incurred are ordinary and necessary in carrying on a trade or business.  <u>Vanicek v. Commissioner</u>, 85 T.C. at 742. Petitioner testified at trial that the expenses listed on his return were incurred in the course of his business. Petitioner also provided the Court with a printout he created from his credit card statement showing amounts paid to various Internet providers, Web site hosts, telephone companies, and a network satellite service provider.  However, petitioner failed to provide any documentation indicating whether the utility expenses listed on his return were necessary and were incurred in the ordinary course of his business.

Most of the utilities petitioner listed on the printout, such as bills for telephone and Internet service, could have been used for either work or personal use.  Without specific evidence to corroborate petitioner's testimony at trial, we are unable to conclude that petitioner's utility expenses are greater than those respondent conceded.

I.  <u>Credit Card Membership Dues</u>

Petitioner argues that he is entitled to a deduction for credit card membership fees of $250 that he paid to use his American Express card in 2004.  Respondent argues that petitioner

has not shown that these dues were ordinary and necessary to his business.

Petitioner provided the Court with a printout he created from his credit card statement showing amounts paid to American Express as membership dues. Petitioner testified at trial that most of the purchases made on his American Express card were for business. Petitioner also testified that he used his American Express card for personal travel.

Petitioner has failed to show that his dues payments were necessary and were made in the ordinary course of his business. See sec. 1.162-1(a), Income Tax Regs. It is unclear whether petitioner's credit card was employed primarily for business purposes, and petitioner admitted that he occasionally used the card for personal expenses such as travel. Thus, we will deny petitioner a deduction for credit card membership dues.

II. Charitable Contributions

Petitioner's 2004 return lists charitable contributions of $1,765. On brief, petitioner claims that he is actually entitled to a charitable contribution deduction of $2,535. Respondent concedes on brief that petitioner is entitled to a charitable contribution deduction of $1,615.

Petitioner alleges that he donated $920 in cash in 2004 to Capital Christian Center, a church, by way of $20 weekly donations made to the church's Sunday service offering plate.

Section 170 allows a deduction for contributions made to qualifying charitable organizations throughout the tax year. Petitioner provided the Court with a computer printout listing the date, amount, and recipient of charitable donations petitioner claims to have made in 2004. Petitioner also produced receipts from several religious and charitable institutions showing that petitioner had given them donations totaling $1,615 for 2004. However, petitioner did not produce a receipt or any form of documentary evidence to substantiate his alleged weekly offering plate donations.

Petitioner has failed to substantiate that he provided cash donations to Capital Christian Center. Accordingly, we will deny petitioner a deduction for charitable contributions beyond those respondent conceded.

III. Filing Status

Petitioner alleges that he is entitled to the filing status of married filing jointly for 2004. Respondent argues that petitioner is barred from changing his filing status from married filing separately under section 6013(b)(2)(B).

In general, section 6013(a) allows married taxpayers to file a joint income tax return. Section 6013(b)(1) further provides as a general rule that even where a taxpayer has filed a separate return for a taxable year and the time prescribed for filing has

expired, the taxpayer may nevertheless make a joint return with his or her spouse for such taxable year.

Section 6013(b)(2) specifies that the election under section 6013(b)(1) may not be made "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212". Respondent prepared a substitute for return for petitioner for 2004 under section 6020(b) in which respondent determined petitioner's filing status to be married filing separately. Respondent then mailed a notice of deficiency to petitioner.

Respondent contends that his preparation of a substitute for return for petitioner under section 6020(b) constitutes a separate return filed by the taxpayer under section 6013(b)(1) for purposes of triggering the section 6013(b)(2) limitation. We disagree. In Millsap v. Commissioner, 91 T.C. 926, 937 (1988), we determined as follows:

> in situations where deficiency procedures are availed of and a taxpayer has not filed a return, the taxpayer may file a return and contest respondent's filing status determination, even though respondent has "filed" a substitute return under section 6020(b), in which filing status has been "elected" by respondent.
> * * *

Accordingly, respondent's substitute for return does not bar petitioner from electing a different filing status on a return submitted after filing a petition with this Court. As petitioner submitted a 2004 return electing the filing status of married

filing jointly and has shown that he was legally married in 2004, petitioner is entitled to the filing status of married filing jointly.

IV.  Additions to Tax

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for failure to file income tax returns for 2004 and 2005, under section 6651(a)(2) for failure to pay the amounts shown on income tax returns for 2004 and 2005, and under section 6654(a) for failure to make estimated tax payments for 2004 and 2005.  Petitioner has not contested respondent's determinations regarding the additions to tax in his petition, at trial, or on brief.

In general, the Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  However, where a taxpayer does not challenge an addition to tax by assigning error to it, the taxpayer is deemed to concede the addition to tax, and the Commissioner need not plead the addition to tax and has no obligation under section 7491(c) to produce evidence that the penalty is appropriate.  Swain v. Commissioner, 118 T.C. 358, 364-365 (2002); see also Rule 34(b)(4).  Consequently, we hold that respondent's determination that petitioner is liable for additions to tax must be sustained,

insofar as the calculation of petitioner's additions to tax are adjusted to take into account the concessions detailed above.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.