T.C. Memo. 1997-207


UNITED STATES TAX COURT


KENNETH MILES AND MICHON SNOW TESAR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15613-95.                    Filed May 5, 1997.


Kenneth Miles Tesar, pro se.

Donald B. Fields, for respondent.


MEMORANDUM OPINION

COHEN, Chief Judge:  This case was assigned to Special Trial

Judge Stanley J. Goldberg, pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1]     Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

and adopts the opinion of the Special Trial Judge which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, Special Trial Judge:  Respondent determined the following deficiencies and accuracy-related penalties with respect to petitioners' Federal income taxes:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|----------------------------------------|
| 1991 | $5,068 | -- |
| 1992 | 9,388 | $1,878 |
| 1993 | 7,279 | 1,456 |

After concessions,[2] the issues for decision are: (1) Whether
petitioners are entitled to deduct amounts paid by Kenneth Miles
Tesar (petitioner) for the purchase of comic books used in an
extracurricular activity at the school in which he taught;
(2) whether petitioners are entitled to a deduction with respect
to Michon Snow Tesar's (Mrs. Tesar) home office; (3) whether
petitioners are entitled to a Schedule C deduction for
Mrs. Tesar's automobile usage; and (4) whether petitioners are
liable for an accuracy-related penalty under section 6662(a) for

---

[2] For the taxable year 1991, respondent concedes that
petitioners are entitled to an exemption deduction for
petitioner's brother, Frank Tesar, and that petitioners are
entitled to a child-care credit in the amount of $960.
    For the taxable year 1992, respondent concedes that
petitioners are entitled to a Schedule C deduction in the amount
of $110 for insurance expense. Respondent further concedes that
petitioners are entitled to a deduction for charitable gifts in
the amount of $12,032.59. Respondent also concedes that
petitioners may deduct petitioner's unreimbursed employee
expenses in the amounts of $425 for dues and $1,155 for
automobile expense, subject to the limitation on miscellaneous
deductions. Further, respondent concedes that petitioners are
entitled to a child-care credit in the amount of $960.
    For the taxable year 1993, respondent concedes that
petitioners are entitled to a deduction for charitable gifts in
the amount of $12,916.98. In addition, respondent concedes that
petitioners may deduct petitioner's unreimbursed employee
expenses in the amounts of $397 in dues and $1,120 in automobile
expenses, subject to the limitation on miscellaneous deductions.
Respondent also concedes that petitioners are entitled to a
child-care credit of $350.45.
    For the taxable year 1992, petitioners concede that they are
not entitled to a deduction in the amount of $7,316 for points
incurred in refinancing their home mortgage in October 1992.
Petitioners are entitled to deductions in 1992 and 1993 with
respect to the amortization of the points over the 30-year term
of the mortgage.

a substantial understatement of taxes in 1992 and 1993.  An increase in self-employment taxes for Mrs. Tesar is computational and will be resolved by our decisions with respect to the second and third issues.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Homewood, Illinois, at the time their petition was filed.

During the years in issue, petitioner was employed as a mathematics teacher at Homewood-Flossmoor Community High School (referred to as the school).  Petitioner had been teaching there since 1969.  Petitioner was also employed as a mathematics professor at Purdue University.

Sometime in 1982, a group of students approached petitioner and asked if he would be willing to sponsor a club for students interested in comic books and sequential art.  Petitioner agreed. In addition to teaching various high school math classes, petitioner acted as the sponsor for a number of extracurricular activities at the high school, including the chess club, "Mathletes" (the math club), the Star Trek club, and the comic book club.  Petitioner's understanding was that he should sponsor or participate in some type of student activity as an employee of the school district.

Petitioner was interested in sequential and comic book art. Prior to becoming a teacher, petitioner worked as a commercial artist, and he had contributed work to fanzines on an unpaid basis. Petitioner had been collecting comic books for some time, and his collection totaled approximately 28,000 titles prior to 1991. Petitioner derived a great deal of enjoyment and personal satisfaction from participating in the comic book club.

The school did not require that the teachers have any specific skill level in order to sponsor one of the school's non-athletic clubs or activities. The faculty sponsors primarily were responsible for supervising the students. The sponsors commonly expended some personal funds for pizza or similar items for the students.

During the years in issue, the comic book club met on afternoons each week after school for an hour or an hour and a half. Petitioner was not compensated separately for this time. Approximately 30 to 40 students were members of the club during the years in issue. The club meetings were held in one of the classrooms at the school where petitioner set up a comic book reading library containing approximately 12,000 comic books for use by the club. During the meetings the members read comic books or worked on producing their own comic book. Some of the members were poor readers, and petitioner believed that the club was an aid to developing their reading skills.

The school did not fund the comic book club. The club participated in school sanctioned candy sales to raise funds for its activities. The club realized approximately $4,800 in profits from these sales over the years in issue. The students retained half of the profits for their own use, and petitioner encouraged them to use these funds to purchase comic books. The remaining funds were retained by petitioner to support club activities such as attending comic book conventions. Petitioner was not entitled to reimbursement for any amounts he expended for club purposes in excess of the funds raised by the club's candy sales.

Petitioner ordered comic books for the club including multiple copies of certain publications that were particularly popular with the students. The comic books were delivered weekly to petitioners' home, and petitioner carried some of the comic books to school. Petitioner purchased a total of approximately 16,000 comic books, for which he paid $7,632.74, $8,349.54, and $12,675.21 during the years 1991, 1992, and 1993, respectively. Petitioner did not purchase any of these comic books with proceeds from the candy sales.

Petitioner's employment with the high school terminated in 1995. At that time, he removed 12,000 comic books from the school premises and stored them in his home.

Mrs. Tesar is a licensed physical therapist.  In her practice, during the years in issue, she generally performed services on her patients in their homes or other locations outside of petitioners' home.  Mrs. Tesar used an extra bedroom in petitioners' home as her office.  She maintained her records in her home office, and she completed work at home including transcribing her notes, contacting doctors and patients, and updating her records on her patients.

Generally, Mrs. Tesar drove from petitioners' home to the location where she was to deliver services and then returned home.  She maintained records of her travel on large calendar sheets.  She listed the name and address of the patient she visited in the box provided on the sheet for that day. Petitioner copied information from Mrs. Tesar's calendar pages on an annual basis for the preparation of petitioners' tax returns. Petitioner's summary sheets list the name of each patient or client along with the round-trip mileage and date of travel from petitioners' home to the location where services were rendered.

On their Federal income tax return for 1991, petitioners claimed a Schedule C deduction for car and truck expenses incurred by Mrs. Tesar in the amount of $4,574.  This amount represents mileage of 6,960 times the standard mileage rate of .275 plus depreciation expense of $2,660.  Petitioners also claimed a deduction in the amount of $2,866 for expenses incurred

in the business use of their home. Petitioners claimed a Schedule A deduction in the amount of $8,681 before the 2-percent floor for petitioner's unreimbursed employee business expenses. This deduction includes dues in the amount of $404, automobile expense in the amount of $671, and vocational supplies in the amount of $7,606. On their Federal income tax return for 1992, petitioners claimed a Schedule C deduction for car and truck expense incurred by Mrs. Tesar in the amount of $3,084, including depreciation expense in the amount of $2,780. Petitioners also claimed a Schedule C deduction for home office expense in the amount of $2,193. Petitioners claimed a Schedule A deduction in the amount of $9,299 for petitioner's unreimbursed employee expenses. On their Federal income tax return filed for 1993, petitioners claimed a Schedule A deduction for petitioner's unreimbursed employee business expenses in the amount of $14,186, including vocational supplies in the amount of $12,648, small tools in the amount of $91, and textbooks in the amount of $54.

In the notice of deficiency for the tax year 1991, respondent disallowed petitioners' Schedule C deduction for car and truck expense for lack of substantiation and for failure to establish any amount expended was ordinary and necessary. Respondent disallowed petitioners' home office expense deduction because it was not established that this expense was ordinary and necessary for Mrs. Tesar's trade or business. Respondent also

disallowed petitioners' Schedule A deduction for unreimbursed employee expenses because the expenses claimed were not shown to be ordinary and necessary nor had petitioners established that the expenses were not reimbursable by petitioner's employer. In the notice of deficiency for the tax year 1992, respondent disallowed petitioners' Schedule A employee business expenses for lack of substantiation. Respondent also disallowed petitioners' Schedule C deductions for automobile expense as personal commuting costs and disallowed Mrs. Tesar's home office expense because it was not ordinary and necessary. Respondent further determined an accuracy-related penalty under section 6662(a). In the notice of deficiency for the tax year 1993, respondent disallowed petitioners' deduction for employee business expense due to a lack of substantiation. Respondent further determined an accuracy-related penalty pursuant to section 6662(a).

As an initial matter, petitioners assert that respondent audited petitioners' prior years' returns with respect to claimed deductions for expenses for the purchase of comic books and for the use of a portion of petitioners' home by Ms. Tesar as her office, and they contend that respondent allowed those deductions. Petitioners argue that deductions should therefore be allowed for amounts paid or incurred for these items during the years in issue because they are identical in character to those previously subject to audit. We are not persuaded by

petitioners' argument. Each tax year is to be considered separately. United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969). Respondent is not estopped from asserting a different position in the years in issue even if she accepted petitioners' treatment of certain items in prior years' returns. Rose v. Commissioner, 55 T.C. 28, 32 (1970); see Knights of Columbus Council No. 3660 v. United States, 783 F.2d 69, 73 (7th Cir. 1986).

Petitioners did not file a posttrial brief. In their trial memorandum, petitioners argue that the costs of the comic books are deductible because the comic books were necessary for petitioner to maintain his skills as an effective sponsor of the comic book club. At trial, petitioners also argued that petitioner purchased comic books during the years in issue as a necessary part of the after school activity that petitioner sponsored to satisfy a requirement of his teaching position. Petitioners argue that such costs are deductible as employee business expense.

Respondent contends that the costs incurred by petitioner for the purchase of comic books were not ordinary because the amount was in excess of what teachers generally expend for these types of activities. Respondent also argues that the amounts were not necessary expenses of petitioner's trade or business as a teacher because respondent contends petitioner was not required

to sponsor a club.  Respondent further contends that the costs were not incurred primarily to maintain petitioner's skills required in his employment or other trade or business.  Thus, respondent argues that the costs were not incurred by petitioner in carrying on his trade or business and are not allowable.  In the alternative, respondent argues that the costs are non-deductible capital expenditures subject to depreciation over the useful life of the comic books and contends that petitioners have failed to establish the useful life of the comic books.

Section 162 allows a deduction for ordinary and necessary expenses paid or incurred by a taxpayer in carrying on a trade or business.  The expenses must be directly or proximately related to the taxpayer's trade or business.  Deputy v. du Pont, 308 U.S. 488, 494-495 (1940); sec. 1.162-1, Income Tax Regs.  An expense is considered ordinary if commonly or frequently incurred in the trade or business of the taxpayer.  Deputy v. du Pont, supra at 495-496.  A necessary expense is one that is appropriate or helpful in carrying on petitioner's trade or business.  Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  The expense must also be reasonable in amount relative to its purpose.  Cardwell v. Commissioner, T.C. Memo. 1982-453 (citing United States v. Haskal Engg. & Supply Co., 380 F.2d 786, 788 (9th Cir. 1967).  An employee's trade or business is earning his compensation, and generally only those expenses that are related

to the continuation of his employment are deductible.  Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60.  Education expenses are considered ordinary and necessary business expenses if the education maintains or improves skills required by the taxpayer in his employment, or meets the express requirements of an employer, imposed as a condition for the taxpayer's continued employment, status, or rate of compensation.  Sec. 1.162-5(a), Income Tax Regs. Personal expenses are not deductible.  Sec. 262.

Petitioner has not established through his testimony or by other evidence that the purchase and use of the comic books maintained or improved his skills required as a high school teacher.  Nor is there any evidence that the expenses were incurred to meet the express requirements of the school.  Thus, the costs of the comic books are not deductible as education expenses.

In addition, we are not persuaded that the expenses were ordinary or necessary in petitioner's trade or business of earning pay as a school teacher.  Although petitioner believed that he was required to sponsor an extracurricular activity as a condition of his continued employment, it does not necessarily follow that the expenses he incurred in doing so were ordinary and necessary.  The comic books may have been helpful to the club members, but petitioner has not established that they were

ordinary or necessary in his trade or business as a teacher of mathematics. The school only required that sponsors of extracurricular activities supervise the students. Furthermore, while faculty sponsors commonly bought snacks for their students, there is no evidence that they ordinarily purchased supplies with personal funds for the activities. Petitioner collected comic books as a hobby, and when he left his job at the school he retrieved for his own collection many of the comic books that he had ordered for the club. Petitioners have not established that the costs of the comic books are deductible business expenses. See Wheatland v. Commissioner, T.C. Memo. 1964-95; Mann v. Commissioner, T.C. Memo. 1993-201.

Petitioners argue that they are entitled to deduct expense incurred with respect to Mrs. Tesar's home office. Respondent counters that Mrs. Tesar's home office was not her principal place of business, and, therefore, petitioners may not deduct the expenses incurred therewith.

Section 280A generally prohibits deduction of otherwise allowable expenses with respect to the use of an individual taxpayer's home. As an exception, this restriction does not apply to:

> any item to the extent such item is allocable to a
> portion of the dwelling unit which is exclusively used
> on a regular basis--
>
> > (A) [as] the principal place of business for
> > any trade or business of the taxpayer,

> (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, * * *

Sec. 280A(c).  While determination of a taxpayer's principal place of business for purposes of section 280A depends upon the particular facts of the case, two primary factors for consideration are:  (1) "the relative importance of the activities performed at each business location"; and (2) the time spent at each location.  Commissioner v. Soliman, 506 U.S. 168, 175 (1993).

Mrs. Tesar's business was providing physical therapy to patients.  Mrs. Tesar performed the majority, if not all, of such services at her patients' homes or other location outside of her home.  These activities were of greater significance than the administrative functions, such as transcribing notes and updating files, that she performed at home.  This factor tends to show that Mrs. Tesar's home office was not her principal place of business.

Petitioner testified that Mrs. Tesar spent approximately an equivalent amount of time performing services outside the home as she spent completing work at home.  Petitioner generally was not present while Mrs. Tesar worked at home, and he did not have actual knowledge concerning this matter.  Moreover, even if we accept that Mrs. Tesar worked half of the time at home and half of the time at other locations, the time factor would not

persuade us that her principal place of business was in her home where none of the physical therapy was performed. Petitioners have failed to prove that Mrs. Tesar's home office was her principal place of business.

Petitioners assert that Mrs. Tesar met with some patients at her home office. However, there is no evidence in the record to establish that these meetings occurred or the frequency or regularity of the alleged meetings. Thus, petitioners have not established that Mrs. Tesar's home office was used by her patients in meeting with her in the normal course of her business.

Petitioners have not established that any of the exceptions in section 280A apply. Accordingly, petitioners are not entitled to a deduction in 1991 or 1992 related to Mrs. Tesar's use of their home for business purposes. Respondent is sustained on this issue.

Petitioners argue that they are entitled to deduct automobile expense incurred by Mrs. Tesar in carrying on her business during 1991 and 1992. Respondent contends that petitioners have not substantiated any automobile expense incurred by Mrs. Tesar. Further, respondent argues that even if petitioners substantiate the expense, petitioners would not be entitled to a deduction for the costs associated with Mrs. Tesar's trips between their home and the place where she

performed services because such amounts represent nondeductible commuting costs.

Generally, section 162 allows a deduction for all ordinary and necessary expense incurred or paid in carrying on a trade or business, subject to the strict substantiation requirements of section 274(d). Section 274(d) requires substantiation of any expense incurred or paid with respect to certain listed property. Listed property includes automobiles. Sec. 280F(d)(4). Section 274(d) requires substantiation of these expenses either by "adequate records or by sufficient evidence corroborating the taxpayer's own statement". Sec. 274(d). The records must show the amount, date, and business purpose of each expense or business use. Id.; sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Generally, in order to be adequate, records must be written and must be prepared or maintained such that a record of each element of an expenditure or use that must be substantiated is made at or near the time of such expenditure or use when the taxpayer has full present knowledge of each element. Sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985). In the alternative, each element of an expenditure or use must be established by the taxpayer's own written or oral statement "containing specific information in detail as to each element" combined with corroborative evidence to establish such element.

Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Automobile expense may be computed using actual costs, such as depreciation, or using the standard mileage method; thus, petitioners cannot deduct depreciation expense and use the standard mileage rate. See Rev. Proc. 91-67, 1991-2 C.B. 887.

Petitioners have not produced evidence sufficient to substantiate Mrs. Tesar's automobile expense as required by section 274(d). The summary sheets prepared by petitioner do not constitute adequate records. Petitioner did not prepare them at or near the time of each use; moreover, petitioner did not have knowledge of each element of Mrs. Tesar's automobile usage. Mrs. Tesar was not present at trial and did not testify. The only other evidence in the record is petitioner's testimony concerning the manner in which he compiled the information on the summary sheets for the purpose of preparing petitioners' tax returns. There is no explanation in the record as to why petitioners failed to present any records maintained by Mrs. Tesar. Accordingly, respondent is sustained on this issue.

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662(a) for 1992 and 1993 due to a substantial understatement of income tax.

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment of tax that is

attributable to a substantial understatement of income tax. For any taxable year, an understatement is substantial if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d). No penalty will be imposed under section 6662(a) with respect to any portion of an underpayment, if it is shown that there was reasonable cause for petitioners' position as to that portion, and that petitioners acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. This determination is based on all of the relevant facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Because of respondent's concessions with respect to the tax years 1992 and 1993, Rule 155 computations are necessary to determine whether there is a substantial understatement of tax for either year.

Furthermore, based on the record, we believe that petitioners acted with reasonable cause and good faith with respect to their conclusion that the costs of the comic books were deductible as employee business expenses based on the results of the examination of their prior years' returns in which respondent allowed such costs. See Matthews v. Commissioner, 92 T.C. 351, 363 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990); De Boer v. Commissioner, T.C. Memo. 1996-174. Therefore, the penalty does not apply to the portion of the underpayment which

was attributable to petitioners' deduction for the costs of the comic books.

Decision will be entered under Rule 155.