**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1837
_____

VON H. ARGYLE,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Court No. 08-6820)
Tax Court Judge: Honorable Mary Ann Cohen

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2010
Before: SMITH, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 14, 2010)

_____

OPINION
_____

PER CURIAM

Von Argyle, proceeding <u>pro</u> <u>se</u>, appeals a decision of the United States Tax Court

finding him liable for deficiencies and penalties in connection with his federal income tax

returns. For the reasons discussed below, we will affirm the judgment of the Tax Court.

In March 2008, the Internal Revenue Service ("IRS") issued Argyle, a certified public accountant, a notice of deficiency for tax years 2004, 2005, and 2006. The IRS asserted deficiencies of $7,478, $3,606, and $10,607, respectively, plus a penalty under 26 U.S.C. § 6662(a) for each year. Argyle filed a petition in Tax Court contesting the notice of deficiency. Argyle and the IRS entered into a stipulation as to some of the relevant facts and the case proceeded to a bench trial as to various tax issues. The Tax Court issued a decision in September 2009, concluding that Argyle had not carried his burden of proof as to the factual issues. Argyle filed a motion for reconsideration, which was denied. The Tax Court issued a final decision incorporating the IRS' post-trial computation of deficiencies in the amounts of $2,180, $1,384 and $10,154 for the respective tax years, plus penalties. This appeal followed.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We exercise plenary review over the Tax Court's conclusions of law and review its factual findings for clear error. PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000).[1]

Argyle contests the Tax Court's decision that he was not entitled to single filing status. The parties stipulated that Argyle is married, that his wife filed for divorce in August 2004 but a divorce was not granted during the years 2004, 2005, and 2006, and

---

[1] The Commissioner argues that we should dismiss Argyle's appeal due to his filing of an inadequate brief. Although Argyle relies on his Tax Court brief in arguing for reversal of several of the Tax Court's rulings, we decline to dismiss his appeal in light of his pro se status.

that Argyle and his wife lived separate and apart during these years. The Tax Court explained that, subject to certain exceptions that did not apply, the relevant statute provides that "an individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." 26 U.S.C. § 7703(a)(2). Because Argyle was neither divorced nor a party to a decree of separate maintenance, the Tax Court concluded that he was not entitled to single filing status. The Tax Court rejected Argyle's contention that his "separate and apart" living status conferred single filing status. We agree. The Tax Court did not err in ruling that Argyle was not entitled to single filing status.

Argyle also challenges the Tax Court's ruling that he was not permitted to deduct his legal expenses related to criminal proceedings for simple assault. The record reflects that in 2004 Argyle provided accounting and tax preparation services for a client in Pennsylvania. A woman who worked for the client filed a criminal complaint against Argyle after he kissed her at his home and he pleaded no contest to a simple assault charge. Argyle was represented by Paul Gettleman during the criminal proceedings. The parties stipulated that Argyle paid Gettleman $12,500 during 2004, $25,000 in 2005, and $25,000 in 2006. Argyle also paid $645 to Gettleman's investigator. Argyle deducted these fees as "legal and professional services" on his tax returns. Argyle also deducted an additional $10,000 in legal fees that he claims he paid Gettleman in 2005.

Argyle maintained that the woman filed her complaint because he had reprimanded

3

her for misconduct in his client's business and that his legal fees were thus deductible under United States v. Gilmore, 372 U.S. 39, 49 (1963), which held that the test for deductibility is the origin and character of the legal claim for which the expense was incurred. The Tax Court concluded that Argyle failed to corroborate his claim that the employee engaged in misconduct, noting that he did not call Gettleman to testify, and that the preponderance of the evidence established that the legal fees arose out of a personal relationship and were not deductible business expenses. The record supports these conclusions. Argyle testified that he had met the woman for two meals, that she had used his car, that he had kissed her at his home, and that she had kissed him.

Argyle also challenges the Tax Court's conclusion that he took other improper business expense deductions. The record reflects that prior to September 1, 2004, Argyle used residential property in Pennsylvania as his office. After September 1, 2004, he used the same property as his residence. As noted by the Tax Court, Argyle conceded at trial that part of his deduction for mortgage interest on the property had been recorded as an itemized deduction on Schedule A and also as a business expense on Schedule C. The Tax Court also found that Argyle did not properly allocate his expenses that related to the use of his home as an office and as a residence. The Tax Court noted that the IRS conceded a portion of the claimed home office expense and that Argyle did not show that he was entitled to a greater amount. The Tax Court also concluded that Argyle did not properly calculate his vehicle expenses or substantiate his travel and meal expenses.

4

Noting that Argyle testified that he did not know whether he reduced the cost of business meals by fifty percent as required by statute and that some of the amounts claimed were estimates, the Tax Court found his assertions as to deductibility unreliable. Argyle has not shown that the Tax Court erred as to any of these findings.[2]

Finally, Argyle contends in his brief that his due process rights were violated based upon inadequate information provided by the IRS in its notice of deficiency. Argyle, however, was afforded a trial to contest the notice of deficiency. He has not shown a violation of his due process rights.

Accordingly, we will affirm the judgment of the Tax Court.

---

[2]Argyle states in his brief that the Tax Court should be reversed as to denied legal expenses, business expenses, and filing status. Appellant's Br. at 4. We have thus not considered the Tax Court's additional rulings regarding his early withdrawals from his individual retirement account or the penalties imposed pursuant to 26 U.S.C. § 6662(a).