T.C. Memo. 2012-291

UNITED STATES TAX COURT

KRYSTAL MEGAN DELIMA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 624-10.                    Filed October 16, 2012.

Krystal Megan DeLima, pro se.

<u>Britton G. Wilson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  In a notice of deficiency dated October 2, 2009,

respondent determined a deficiency of $4,308 with respect to petitioner's Federal

[*2] income tax for 2005.  After concessions,[1] the sole issue for decision is whether, under section 162,[2] petitioner substantiated claimed business expense deductions in excess of the amounts respondent has allowed.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts is incorporated herein by this reference.  Petitioner resided in Oklahoma when she filed her petition.

## I.      Background

Petitioner has a background in educational technology.  At some point in 2005 she started her own business providing graphic design services for Internet sites.  To generate business, she purchased domain names and sent out flyers to

---

[1]Petitioner concedes that she is not entitled to deduct supplies expenses in excess of the amount respondent has allowed.  The parties agree that she is entitled to deductions on her Schedule C, Profit or Loss From Business (Sole Proprietorship), of $1,500 for advertising expenses and $2,000 for legal and professional expenses.  The remaining issues regarding petitioner's self-employment tax, self-employment tax deduction, and earned income credit are computational.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts have been rounded to the nearest dollar.

[*3] potential customers. She derived revenue from selling graphic design services and the domain names.

During 2005 she operated her business from her residence. From January through March she resided in a rented apartment. From April through December she resided in a rented house.

II.     Petitioner's Tax Reporting and the Notice of Deficiency

On April 9, 2006, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2005, reporting wages of $1,823[3] and business income of $17,700. On an attached Schedule C she listed her principal business as "web designer/master" and her business name as "worldschool.us" and reported gross receipts of $51,000. She claimed a business expense deduction of $33,300 for the following: (1) advertising expenses of $1,500; (2) vehicle expenses of $4,000, which she calculated using the standard mileage rate multiplied by 8,000 miles; (3) insurance expenses of $1,300; (4) legal and professional service expenses of $2,000; (5) office expenses of $2,000; (6) rent or lease of vehicles, machinery, and equipment expenses of $8,000; (7) rent or lease of other business property expenses of

_____

[3]Petitioner attached to her Form 1040 a Form 1099-MISC, Miscellaneous Income, from JHAN, Inc., reporting nonemployee compensation of $1,823. The parties stipulated that petitioner erroneously reported the nonemployee compensation as wages on her Form 1040 and that she should have reported the nonemployee compensation on her attached Schedule C.

[*4] $5,000; (8) repair and maintenance expenses of $500; (9) supplies expenses of $500; (10) taxes and licenses expenses of $300; (11) travel expenses of $2,000; (12) deductible meals and entertainment expenses of $1,500; (13) utilities expenses of $2,300; (14) wage expenses of $1,000; and (15) other expenses of $1,400.

Subsequently, petitioner submitted to respondent a Form 1040X, Amended U.S. Individual Income Tax Return. On an attached Schedule C she reported gross receipts of $52,823 and business expenses of $38,265. Respondent did not accept, file, or process her amended return.

On October 2, 2009, respondent issued to petitioner a notice of deficiency for 2005 disallowing $10,375 of her claimed business expense deduction, including the following: (1) $800 of vehicle expenses; (2) $260 of insurance expenses; (3) $3,200 of expenses for the rent or lease of vehicles, machinery, or equipment; (4) $1,000 of expenses for the rent or lease of other business property; (5) $100 of repair and maintenance expenses; (6) $100 of supplies expenses; (7) $1,255 of travel expenses; (8) $1,500 of meals and entertainment expenses; (9) $460 of utilities expenses; (10) $1,000 of wage expenses; and (11) $700 of other expenses.

[*5] III.    Petitioner's Tax Court Proceedings

Petitioner filed a petition with this Court to contest respondent's determinations. Petitioner did not allege in her petition or in any amendment to the petition that respondent had mailed the notice of deficiency after the expiration of the period of limitations. At trial petitioner neither contended that respondent had mailed the notice of deficiency after the expiration of the period of limitations nor introduced any evidence regarding a possible limitations defense. At the conclusion of the trial we held the record open for the filing of a supplemental stipulation of facts. On December 5, 2011, the parties filed a supplemental stipulation of facts with attached exhibits.

Respondent subsequently filed his posttrial brief. Petitioner filed (1) a motion to strike respondent's brief, arguing that respondent untimely filed his brief, and (2) another document that we filed as petitioner's motion to amend petition. Petitioner argued that respondent had mailed the notice of deficiency after the expiration of the period of limitations for assessment. Petitioner also filed a motion requesting additional time in which to file her brief. We denied all of petitioner's motions. Petitioner thereafter filed her brief.

Subsequently, petitioner filed a motion to amend the pleadings, again arguing that respondent had determined the deficiency after the expiration of the

[*6] period of limitations.  We ordered respondent to file a response to petitioner's

motion, and pursuant to our order, respondent filed an objection to petitioner's

motion.  In the objection respondent argued, among other things, that petitioner had

executed a Form 872, Consent to Extend the Time to Assess Tax, which extended

the time to assess a deficiency for 2005 until any time on or before December 31,

2009.  Respondent attached to his objection a copy of the Form 872 which

petitioner had signed on December 4, 2008.  Accordingly, we denied petitioner's

motion to amend the pleadings.

On May 21, 2012, petitioner filed a motion requesting that we reconsider her

motion to amend the pleadings.  We denied petitioner's motion.[4]

---

[4]The bar of the period of limitations is an affirmative defense, and the party raising the defense must specifically plead and prove it.  See Rule 39; Hoffman v. Commissioner, 119 T.C. 140, 146 (2002).  Rule 39 provides that "[a] party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including * * * the statute of limitations."  Petitioner raised the period of limitations issue in her motion to amend the petition, which we denied, and again in her motion to amend the pleadings.  Respondent objected to her motion to amend the pleadings to include the period of limitations issue on the basis of petitioner's failure to properly plead the bar of the period of limitations.  Petitioner did not timely raise the period of limitations issue, and the issue is not properly before us.  Even if we assume, however, that petitioner properly and timely raised the limitations issue, her argument is unavailing for the following reasons.

Sec. 6501(a) provides a general three-year period of limitations for assessment of income taxes, with the period beginning on the date on which the

(continued...)

[*7]                                                OPINION

I.      Burden of Proof

        Generally, the Commissioner's determinations in a notice of deficiency are

presumed correct, and the taxpayer bears the burden of proving that the

---

⁴(...continued)
individual filed his return.  However, a taxpayer may consent to extend the three-year period of limitations by a written agreement.  See sec. 6501(c)(4).  If the taxpayer shows that the assessment of tax is barred by the period of limitations, the Commissioner bears the burden of showing that the assessment is not barred.  See J.H. Rutter Rex Mfg. Co. v. Commissioner, 853 F.2d 1275, 1281 (5th Cir. 1988), aff'g in part, rev'g in part and remanding T.C. Memo. 1987-296.  The Commissioner satisfies his burden by introducing a consent agreement that is valid on its face and extends the period of limitations to include the relevant date.  Id.  If the Commissioner introduces such an agreement, "the taxpayer bears the burden of proving the invalidity of the consent."  Id.

        Respondent issued the notice of deficiency on October 2, 2009, more than three years after the date on which petitioner filed her return, April 6, 2006.  Attached to respondent's objection to petitioner's motion to amend the petition was a copy of a signed Form 872 showing that petitioner voluntarily consented to extend the period of limitations.  Petitioner contends that she did not sign the Form 872 voluntarily because during discussions occurring before she signed the Form 872, the Internal Revenue Service (IRS) employee did not present and explain to her any options other than signing the Form 872.  Petitioner did not raise the period of limitations issue until after the trial, and she did not introduce any evidence to support her allegations.  See Zapara v. Commissioner, 124 T.C. 223, 229-230 (2005), aff'd, 652 F.3d 1042 (9th Cir. 2011).  Even if we assumed that petitioner was not given an explanation of her options with respect to the Form 872 before she signed it, it is unlikely that the IRS employee's conduct invalidated the Form 872.  See Shireman v. Commissioner, T.C. Memo. 2004-155, slip op. at 7-8; see also Estate of Deese v. Commissioner, T.C. Memo. 2007-362, slip op. at 6 n.3.

**[\*8]** determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer cooperated with the Secretary[5] with regard to all reasonable requests for information. Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner does not contend that section 7491(a)(1) applies, and the record does not permit us to conclude that she satisfied the section 7491(a)(2) requirements. Accordingly, petitioner bears the burden of proving that respondent's determinations are erroneous.

II.    Adjustments to Petitioner's Schedule C

A.    In General

Generally, a taxpayer is entitled to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. See sec. 162(a); Am. Stores

---

[5]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

**[*9]** <u>Co. v. Commissioner</u>, 114 T.C. 458, 468 (2000). An expense is ordinary if it is customary or usual within the particular trade, business, or industry or if it relates to a transaction "of common or frequent occurrence in the type of business involved." <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the development of the business. <u>See</u> <u>Commissioner v. Heininger</u>, 320 U.S. 467, 471 (1943). Personal, living, or family expenses generally are not deductible. <u>See</u> sec. 262(a).

A taxpayer must maintain records to substantiate claimed deductions and to establish the taxpayer's correct tax liability. <u>See</u> sec. 6001; <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Higbee v. Commissioner</u>, 116 T.C. at 440. When a taxpayer establishes that she paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount of the deductible expense (the <u>Cohan</u> rule). <u>Cohan v. Commissioner</u>, 39 F.2d 540, 542-544 (2d Cir. 1930). There must be sufficient evidence in the record, however, to permit us to conclude that the taxpayer incurred a deductible expense in at least the amount allowed. <u>See</u> <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). In estimating the amount we bear heavily upon the taxpayer who failed to maintain and produce the required records. <u>See</u> <u>Cohan v. Commissioner</u>, 39 F.2d at 544.

**[*10]**  For certain kinds of business expenses, section 274(d) overrides the Cohan rule.  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).  Under section 274(d), a taxpayer must satisfy strict substantiation requirements before a deduction is allowable.  These requirements apply to any traveling expense, including meals and lodging away from home, to any item with respect to an activity in the nature of entertainment, and to the use of listed property, as defined in section 280F(d)(4), including passenger automobiles and cellular phones.

To satisfy the requirements of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).  While a contemporaneous log is not required, corroborative evidence created at or near the time of the expenditure to support a taxpayer's reconstruction "of the elements * * *. * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Petitioner contends that she has adequately substantiated her claimed Schedule C expenses because her business records were either lost when she

[*11] moved to Arkansas or stolen from her vehicle during 2007 and because she has introduced evidence, in the form of her own testimony and other documents, showing that the expenses claimed on her Schedule C were correct.

When a taxpayer's records have been destroyed or lost due to circumstances beyond the taxpayer's control, the taxpayer may substantiate his claimed expenses by making a reasonable reconstruction of the expenditures or use. See sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). A taxpayer is required to reconstruct what records she can. See, e.g., Chong v. Commissioner, T.C. Memo. 2007-12, slip op. at 9. If the taxpayer establishes that the records were lost or destroyed due to circumstances beyond her control,[6] she must nevertheless substantiate her claimed expenditures through secondary evidence. See Boyd v. Commissioner, 122 T.C. 305, 320 (2004).

While we acknowledge that petitioner kept some records and that she testified that other records were lost or destroyed, she still had an obligation to substantiate her claimed expenditures. Petitioner made no effort to reconstruct her

---

[6]We note that while petitioner introduced a police report dated May 7, 2007, showing that items were stolen from her car, she failed to introduce any testimony or evidence to show that the items stolen from the car in 2007 included records relating to her 2005 taxable year. With respect to her argument that she lost records during her moves, we cannot find that petitioner's loss of records was due to circumstances beyond her control.

[*12] records or to substantiate her expenses with secondary evidence such as third-party testimony or duplicate invoices and receipts. It is evident that petitioner incurred business-related expenses; however, she introduced only her own testimony and minimal records, which, taken together, were insufficient to provide a basis for estimating the expenses. In the absence of corroborating evidence, we are not required to accept petitioner's testimony. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Furthermore, respondent already has allowed substantial portions of petitioner's claimed expenses. During these proceedings petitioner had an obligation to prove not only that she incurred deductible expenses but also that the expenses she incurred exceeded what respondent already has allowed. Even if we were to accept petitioner's testimony as credible, she has failed to show that she is entitled to additional deductions beyond those amounts respondent has allowed. We explain below.

B.    Vehicle Expenses

Respondent disallowed $800 of petitioner's claimed $4,000 vehicle expense deduction. A taxpayer may deduct vehicle expenses on the basis of actual cost or by using the standard mileage rate, provided she substantiates the amount of business mileage and the time and purpose of each use. See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2004-64, 2004-2 C.B. 898. If the taxpayer uses the

**[*13]** standard mileage rate and satisfies these requirements, she may deduct vehicle expenses in an amount equal to the rate multiplied by the number of business miles. See Rev. Proc. 2004-64, supra. For 2005 the standard mileage rate was 40.5 cents for January through August, see id. sec. 5.01, 2004-2 C.B. at 900, and 48.5 cents for September through December, see Announcement 2005-71, 2005-2 C.B. 714.

Generally, passenger automobiles and any other property used as a means of transportation are listed property, see sec. 280F(d)(4)(A)(i) and (ii), and these expenses are subject to the strict substantiation requirements of section 274(d). Section 274(d) requires a taxpayer to substantiate the expenses by adequate records or other corroborating evidence of (1) the amount of each use (i.e., the mileage), (2) the time and place of the use, and (3) the business purposes of the use. See Fessey v. Commissioner, T.C. Memo. 2010-191, slip op. at 7; sec. 1.274-5T(b)(6), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

**[*14]** Petitioner testified that during 2005 she owned four cars: an Isuzu,[7] a Chrysler, a Dodge, and a Jeep Cherokee. She testified that she used two of the cars, the Isuzu and the Chrysler, solely for business purposes. She later testified that she used the Jeep Cherokee and the Dodge for business purposes and occasionally used the Chrysler for personal driving.

Petitioner further testified that she determined the business mileage for each vehicle by comparing the odometer readings at the beginning and end of the year. She later testified that she kept a mileage log for the vehicles but that she no longer had the mileage log or her appointment book.

With respect to the Isuzu, the record contains copies of service invoices as follows: (1) an invoice dated December 28, 2004, showing an odometer reading

---

[7]Petitioner testified that the Isuzu broke down in March 2005. She testified that she subsequently had the Isuzu repaired and it was operational in approximately May 2005. She further testified that she spent $4,000 to repair the Isuzu. Petitioner introduced the following documents: (1) a service invoice dated December 28, 2004; and (2) a service invoice dated July 5, 2005. Neither invoice contains a total amount due for the repair work.

Petitioner failed to introduce any evidence to substantiate a deduction for the claimed $4,000 of repairs with respect to the Isuzu. Even if petitioner had introduced evidence to substantiate the deduction, she is prohibited from claiming vehicle expenses using both the actual cost method and the standard mileage rate. See Argyle v. Commissioner, T.C. Memo. 2009-218, slip op. at 10-11, aff'd, 397 Fed. Appx. 823 (3d Cir. 2010); Tesar v. Commissioner, T.C. Memo. 1997-207, slip op. at 17. Accordingly, she is not entitled to deduct the claimed $4,000 repair cost.

[*15] of 126,146 miles; and (2) an invoice dated June 30, 2005, showing an odometer reading of 126,416 miles.

With respect to the Chrysler, petitioner introduced the following: (1) a copy of a vehicle release form dated May 17, 2005, showing an odometer reading of 106,396 miles; (2) a copy of a service invoice dated September 22, 2005, showing an odometer reading of 108,000 miles; (3) copies of two other service invoices both dated September 22, 2005, showing odometer readings of 105,000 miles.[8]

With respect to the Dodge, petitioner introduced a copy of a service invoice dated April 1, 2005, showing an odometer reading of 111,611 miles. With respect to the Jeep Cherokee, petitioner introduced a copy of a service invoice dated April 1, 2005, showing an odometer reading of 111,375 miles.[9]

---

[8]Petitioner offered no explanation regarding the 3,000-mile difference between the invoice showing an odometer reading of 108,000 miles and the invoices showing an odometer reading of 105,000. This discrepancy, and petitioner's failure to explain the discrepancy, suggests that these invoices are unreliable or that they relate to different vehicles.

[9]In addition to the various service invoices, petitioner also introduced a receipt from an auto parts store. As noted supra note 7, petitioner is not entitled to claim deductions for automobile expenses using both the actual cost method and the standard mileage rate. See Argyle v. Commissioner, slip op. at 10-11; Tesar v. Commissioner, slip op. at 17. Accordingly, we need not consider whether these documents show that petitioner incurred other automobile expenses for repairs and

(continued...)

**[\*16]** On her Schedule C petitioner reported that she drove 8,000 miles for business in 2005. While petitioner relies on the service invoices to support her mileage calculation, the service invoices simply note the odometer readings on the vehicles on certain dates. Petitioner introduced no evidence to establish the beginning and ending odometer readings for each of the vehicles. In addition, the record is devoid of credible evidence showing where petitioner drove, the purpose of each trip, or her business relationship to the persons visited. Furthermore, petitioner conceded that she used some of the vehicles for both business and personal driving, but she did not introduce any credible evidence to establish the relative amounts of personal and business mileage for each car. Accordingly, she is not entitled to use the standard mileage rate.

While we do not doubt that petitioner used one or more vehicles for business during 2005, we have no choice but to deny her any deduction for vehicle expenses in excess of the amount already allowed by respondent. Consequently, we sustain respondent's adjustments to petitioner's claimed deduction for vehicle expenses.

---

[9](...continued)
maintenance.

**[\*17]** C.   Insurance Expenses

Respondent disallowed $260 of petitioner's claimed $1,300 insurance

expense deduction. A taxpayer may deduct the cost of operating a vehicle to the

extent that the taxpayer uses the vehicle in the course of her trade or business. See

sec. 162(a). A taxpayer may deduct the costs of operating the vehicle under either

the actual cost method or the standard mileage rate. See Argyle v. Commissioner,

T.C. Memo. 2009-218, slip op. at 10-11; Clark v. Commissioner, T.C. Memo.

2002-32, slip op. at 5-6; Tesar v. Commissioner, T.C. Memo. 1997-207, slip op. at

17; see also sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2004-64, supra.

Petitioner testified that she claimed the insurance deduction with respect to

her automobile insurance payments. She introduced documentation showing that

during 2005 she maintained an automobile insurance policy with respect to the

Isuzu, the Chrysler, the Jeep Cherokee, and the Dodge.[10]

---

[10]Petitioner introduced the following documents with respect to her claimed insurance expenses: (1) a policy invoice dated July 21, 2004, showing purchase of an insurance policy for three of her vehicles, with a total policy premium of $1,088; (2) a document from the QBE Insurance Corp. (QBE) dated July 29, 2005, showing that petitioner had added a Dodge vehicle to her QBE insurance policy, which already covered her other three vehicles, and showing a total policy premium of $702; and (3) a second document from QBE dated January 29, 2006, showing that petitioner had a total premium of $702, plus $24 for fraud and policy fees.

**[*18]** While petitioner introduced some evidence to substantiate the claimed expense, she has, for reasons just discussed, failed to establish business purpose for this expense in an amount greater than respondent has allowed. Accordingly, we hold that petitioner is not entitled to an additional deduction for insurance expenses beyond the amount respondent already allowed.

### D. Rent or Lease Expenses

#### 1. Introduction

On her Schedule C petitioner deducted rent or lease expenses totaling $13,000. She deducted $8,000 for expenses related to the rent or lease of vehicles, machinery, and equipment; respondent disallowed $3,200 of these claimed expenses. Petitioner also deducted $5,000 for expenses related to the rent or lease of other business property; respondent disallowed $1,000 of these claimed expenses.

Petitioner testified that she erroneously reversed the $5,000 and $8,000 amounts on her Schedule C. She testified that she spent $8,000 for expenses related to the rent or lease of other business property and $5,000 for expenses related to the rent or lease of vehicles, machinery, and equipment. Accordingly, we now consider: (1) whether petitioner has substantiated her

[*19] claimed $5,000 deduction related to the rent or lease of vehicles, machinery, and equipment, of which respondent disallowed $1,000; and (2) whether petitioner has substantiated her claimed $8,000 deduction related to the rent or lease of other business property, of which respondent disallowed $3,200.

### 2. Business Equipment

Computers and peripheral equipment are listed property, see sec. 280F(d)(4)(A)(iv), and these expenses are subject to the strict substantiation requirements of section 274(d), see also Riley v. Commissioner, T.C. Memo. 2007-153, slip op. at 18. The costs of furnishing a home ordinarily are nondeductible personal expenses. See sec. 262(a); Turner v. Commissioner, 68 T.C. 48, 51 (1977).

Petitioner testified that she purchased laptop computers, a digital camera, and a camcorder during 2005.[11] She also introduced the following: (1) a copy of a billing statement for her credit card account at Levitz Furniture showing that she

---

[11]In her brief petitioner contends for the first time that she also included in this amount the purchase of printers, a fax machine, copiers, and other equipment she used in her business. Petitioner did not introduce any documentary evidence, and she did not testify at trial regarding her purported purchase of printers, a fax machine, copiers, and other business equipment. "[S]tatements in briefs * * * do not constitute evidence." Rule 143(c). Accordingly, we will not consider petitioner's argument that she incurred these particular business expenses during 2005.

[*20] made two purchases in June 2005 totaling $570; (2) a copy of her Visa credit card account statement showing that during 2005 she made two other purchases at Levitz Furniture, totaling $89; (3) a copy of her hpshopping.com credit card statement, which shows that on September 29, 2005, she had a previous unpaid balance of $1,201 and that she made a $889 purchase on September 30, 2005; and (4) a copy of her Mastercard statement showing a charge of $150 to S. Nafisi DDS, Inc., on February 21, 2005, with a handwritten notation by petitioner next to the charge reading "camera?". This documentation does not establish that she rented any business equipment during 2005. Therefore, she is not entitled to a deduction for the cost of renting or leasing business equipment. See Griggs v. Commissioner, T.C. Memo. 2008-234, slip op. at 19.

Furthermore, with respect to the furniture purchases, petitioner failed to introduce any evidence showing that she purchased furniture for business purposes. She also failed to introduce any credible evidence regarding the purchase price or business purpose of the digital camera, the camcorder, or other items she allegedly purchased. With respect to her purported purchases of the laptops, she failed to introduce evidence sufficient to satisfy the strict substantiation requirements of section 274(d). Accordingly, we hold that

**[*21]** petitioner is not entitled to an additional deduction for the rent or lease of vehicles, machinery, and equipment beyond the amount respondent already allowed.

### 3. Rent Payments

Generally, expenses of maintaining a household, including amounts paid for rent, water, utilities, and similar expenses, are not deductible. Sec. 1.262-1(b)(3), Income Tax Regs. However, subject to the rules of section 280A, if a part of the home is used as a place of business, a corresponding portion of the expenses, as is properly attributable to such place of business, is deductible as a business expense. Id. A taxpayer must provide the Court with a basis to determine what portion of the rent was allocable to his or her business. See, e.g., Adler v. Commissioner, T.C. Memo. 2010-47, slip op. at 20-21, aff'd, 443 Fed. Appx. 736 (3d Cir. 2011). If a taxpayer fails to provide the Court with evidence of the extent to which she used a portion of the home, we cannot estimate the deductible portions of her expenses. See Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1557 (1987); Ong v. Commissioner, T.C. Memo. 2012-114, slip op. at 14.

The record contains rental agreements petitioner signed relating to the apartment and the house. With respect to the apartment, the rental agreement shows that she rented an apartment from October 1, 2003 through 2004, for $875

[*22] per month.  With respect to the house, the rental agreement shows that she rented a house from March 31, 2005 through 2006, for $2,200 per month.

Petitioner testified that during the first three months of 2005 she lived in an apartment and paid rent of $875 per month.  She further testified that she began renting a house in April 2005.  She testified that the rent for the house was $2,200 per month and that she lived there through October 2006.

With respect to the apartment, petitioner testified that the entire apartment was mixed use.  With respect to the house, she testified that she used the property both as a personal residence and for business purposes.  She further testified that she used the entire building for business with the exception of the master bedroom and the kitchen.  Petitioner testified that she deducted on her Schedule C only 50% of the rent because she used the apartment and the house as personal residences and not solely for business purposes.

To deduct a portion of the expenses attributable to business use of a home, section 280A(c)(1) requires that the taxpayer use a portion of the home exclusively for business.  While we do not doubt that petitioner operated her business from her apartment during the first three months of 2005, she has admitted that she used the entire apartment as a mixed use property.  Accordingly, petitioner is not entitled to

[*23] deduct any rent with respect to the apartment.  See Ong v. Commissioner, slip op. at 14-16; Shiekh v. Commissioner, T.C. Memo. 2010-126, slip op. at 7-8.

With respect to the house, petitioner failed to introduce any evidence to corroborate her testimony regarding the portion, if any, she used exclusively for business purposes.  At trial we attempted to elicit from petitioner testimony regarding the layout of the house and her use of the various rooms.  Petitioner offered only vague testimony regarding which areas of the house she used for business purposes.  Furthermore, she failed to corroborate her vague testimony by introducing other evidence, such as a floor plan, or by calling witnesses, such as her landlord, her neighbors, or her customers.  In the absence of such corroborating evidence, we are not required to accept petitioner's self-serving, unverified, and undocumented testimony.  See Tokarski v. Commissioner, 87 T.C. at 77.

We do not doubt that petitioner used a portion of her house for business purposes during 2005; however, she has failed to introduce any credible evidence showing that she used part of the house exclusively for business purposes.  See sec. 280A(c)(1).  Accordingly, we hold that she is not entitled to an additional deduction for rent expenses beyond the amount respondent already allowed.  See Ong v. Commissioner, slip op. at 14-16.

**[*24]** E.     Repair and Maintenance Expenses

Respondent disallowed $100 of petitioner's claimed $500 deduction for repair and maintenance expenses. Expenditures made or incurred for regular maintenance to keep property used in a trade or business in an ordinarily efficient operating condition are currently deductible. See Plainfield-Union Water Co. v. Commissioner, 39 T.C. 333, 337 (1962); secs. 1.162-4, 1.263(a)-1(b), Income Tax Regs.

Petitioner testified that she incurred repair and maintenance expenses during 2005. She further testified that the expenses related to the assembling and disassembling of cubicles in her office space and to lawn maintenance. She later testified that she claimed the lawn maintenance fees as a wage deduction rather than a repair and maintenance deduction.

Petitioner failed to introduce any credible evidence to establish the existence or amount of her claimed maintenance expenses. In the absence of such credible evidence, we are not required to accept petitioner's self-serving testimony. See Tokarski v. Commissioner, 77 T.C. at 87. Accordingly, we hold that petitioner is not entitled to an additional deduction for repair and maintenance expenses beyond the amount respondent already allowed.

**[\*25]** F.     <u>Travel Expenses</u>

Respondent disallowed $1,255 of petitioner's claimed $2,000 deduction for travel expenses.  Under section 274(d), a taxpayer must substantiate the amount, time, place, and business purpose of any travel expenditures with adequate records or sufficient evidence corroborating his or her statement.  <u>See</u> sec. 1.274-5T, Temporary Income Tax Regs, <u>supra</u>.  When a taxpayer travels outside of the United States, section 274(c) disallows a deduction for the portion of the travel expenses that is not allocable to the taxpayer's trade or business.  <u>See</u> sec. 274(c)(1). Additionally, section 274(m)(3) provides that no deduction is allowed "for travel expenses paid or incurred with respect to a spouse, dependent, or other individual accompanying the taxpayer" unless the spouse, dependent, or other individual is an employee of the taxpayer, is traveling for a bona fide business purpose, and would otherwise be entitled to deduct the expenses.

Petitioner introduced the following:  (1) an American Express credit card statement dated September 25, 2005, showing that she purchased two airline tickets from Korean Airlines:  a $770 ticket for passenger Earl Johnson and a $745 ticket for herself; (2) an email confirming her purchase of an airline ticket from Philippine Airlines for 8,784 Philippine pesos; (3) a dispatch slip from the Manila International Airport Authority showing a "prescribed rate" of 150 Philippine

**[\*26]** pesos; and (4) a document confirming her purchase of an airline ticket from American Airlines for roundtrip travel between Los Angeles and Fayetteville on December 20, 2005, and January 4, 2006.

Petitioner testified that she traveled to the Philippines to take pictures for her business. She further testified that Mr. Johnson is an artist who accompanied her on the Philippines trip to photograph merchandise and that she paid for his ticket because he was assisting her with business activities. Petitioner testified that she maintained a social relationship with Mr. Johnson during 2005.

Petitioner's broad and unsubstantiated testimony that she traveled to the Philippines to take pictures for her business is insufficient to establish the business purpose of the trip as required by section 274(d). Her testimony also is insufficient to establish that Mr. Johnson, who did not testify, was an employee of her business and that he accompanied her to the Philippines for a bona fide business purpose. She also failed to introduce any testimony or other credible evidence relating to the business purpose of her trip to Fayetteville.

Our review of the record convinces us that petitioner has failed to satisfy the stringent substantiation requirements of section 274(d) as to any travel expenses not allowed by respondent. Accordingly, we hold that she is not entitled to an additional deduction for travel expenses beyond the amount already allowed.

**[\*27]** G.     Meals and Entertainment Expenses

Respondent disallowed petitioner's claimed deduction for meals and entertainment expenses in its entirety.  A deduction is not allowed for meals and entertainment expenses unless the taxpayer properly substantiates:  (1) the amount of such expense; (2) the time and place of the expense; (3) the business purpose; and (4) the business relationship between the taxpayer and the persons being entertained.  See sec. 274(d).

Petitioner introduced no credible evidence establishing the amount, time and place, or business purpose of any meals and entertainment expenses.  Accordingly, we sustain respondent's determination disregarding this category of expenses.

H.     Utilities

Respondent disallowed $460 of petitioner's claimed $2,300 deduction for utilities expenses.  Generally, expenses of maintaining a household, including amounts paid for water, utilities, and similar expenses, are not deductible.  Sec. 1.262-1(b)(3), Income Tax Regs.  However, if part of the home is used exclusively as a place of business, then the taxpayer may deduct a corresponding portion of the expenses.  See id.; see also sec. 280A.

**[\*28]** Petitioner introduced copies of gas, water, and electric bills. She testified that she used her apartment and house as both her personal residence and for business purposes. She did not attempt to credibly estimate the extent to which she used the apartment or house exclusively for business purposes. See supra pp. 20-23. Because petitioner's general testimony does not provide a basis for allocating the utilities expenses between the business use and personal use of a home, we sustain respondent's determination. See Natkunanathan v. Commissioner, T.C. Memo. 2010-15, slip op. at 25-26, aff'd, __ Fed. Appx. __ (9th Cir. July 12, 2012).

I. Wages

Respondent disallowed petitioner's claimed deduction for wages in its entirety. Section 162(a)(1) provides that a taxpayer may deduct as an ordinary and necessary expense "a reasonable allowance for salaries or other compensation for personal services actually rendered". Thus, compensation is deductible only if it is reasonable in amount and is paid or incurred for services actually rendered. See sec. 1.162-7(a), Income Tax Regs.

Petitioner contends that the claimed wage expenses related to amounts she paid for lawn maintenance and other repairs. She testified that during 2005 she

**[*29]** paid $1,000 for lawn maintenance. She further testified that she did not withhold any taxes from the payments.

Petitioner failed to introduce any credible evidence to prove that she paid any wages in 2005. Accordingly, we sustain respondent's determination.

### J. Other Expenses

Respondent disallowed $700 of petitioner's claimed $1,400 deduction for other expenses. On her 2005 Schedule C petitioner claimed cellular phone expenses as "other expenses". Cellular phones are listed property, see sec. 280F(d)(4)(A)(v), and section 274(d) provides that no deduction shall be allowed unless the taxpayer substantiates, inter alia, the business use of the listed property, see also Rodriguez v. Commissioner, T.C. Memo. 2009-22, slip op. at 23.

Petitioner testified that the other expenses were related to her T-Mobile cellular phone. She further testified that she paid T-Mobile approximately $5,000 during the length of her service contract, which lasted approximately two to three years.[12] She did not introduce into evidence any advertisements showing her

---

[12]Despite her testimony that she calculated "other expenses" on the basis of her cellular phone bill, in her brief petitioner appears to contend that she included in other expenses the cost of purchasing various computer programs. However, petitioner failed to introduce any testimony or other evidence to substantiate the existence, amount, or business purpose of the computer programs. Accordingly, we

(continued...)

**[\*30]** business telephone number or any invoices or canceled checks relating to her telephone use.

Our review of the record convinces us that petitioner has failed to satisfy the stringent substantiation requirements of section 274(d) as to any cellular phone expenses not allowed by respondent. Accordingly, we hold that she is not entitled to an additional deduction for other expenses beyond the amount respondent already allowed.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered under</u>

<u>Rule 155</u>.

---

[12](...continued)
will not consider whether she is entitled to an increased deduction for other expenses related to the computer programs.